JOHN C. HUNTER and Another v. W. J. HOLMES and Wife.[1]

April 22, 1895.

No. 9334.

## Contract—Rescission after Partial Performance.

After one party to a contract has partly performed the same, unless he can be placed in statu quo, the other party cannot rescind for his default in further performance, but is limited to an action for damages for such breach of the contract.

Action in the district court for St. Louis county by John C. Hunter and Clinton Markell against W. J. Holmes and Ida Holmes, his wife. The case was tried before Moer, J., without a jury, who ordered judgment for defendant. From an order denying a motion for a new trial plaintiffs appealed. Affirmed.

*Austin N. McGindley,* for appellants.

*J. L. Washburn,* for respondents.

[1] Reported in 62 N. W. 1131.

CANTY, J. The plaintiffs were the owners of large tracts of land in Duluth and West Duluth, and they and a third party made a written agreement with defendant W. J. Holmes, whereby they and said third party agreed to pay Holmes $12,000, and convey to him certain city lots which were a part of said land, and whereby Holmes agreed to improve the same by erecting thereon a woolen mill of a certain size, capacity, and value, within a certain time, operate the same thereafter for two years, and employ no less than 30 people during that time in so operating the same. The plaintiffs and said third party fully performed said contract on their part. Plaintiffs conveyed said land to Holmes, and paid him $6,000 as their part of such performance. Holmes built the woolen mill pursuant to agreement, and caused it to be so operated for 11 months, when such operation ceased, and he has failed to perform his contract by operating it during the other 13 months of the 2 years. He conveyed away a part of the real estate so conveyed to him. Plaintiffs allege these facts in their complaint in this action, and allege that they are still the owners of a large part of said real estate not so conveyed to Holmes; that the value of the same has greatly deteriorated by reason of said failure so to run said woolen mill for said other 13 months, and that the consideration to them for making and performing said contract on their part was the enhanced value which would be given such real estate by reason of such erection and operation of said mill. They pray judgment for the recovery of said $6,000, and the sum so received by Holmes for the part of the real estate so sold by him, and also that he be decreed to reconvey to them the balance of said real estate so conveyed to him. The defendant answered, and on the trial plaintiffs' counsel stated that the action was not brought to recover damages for breach of the contract. Thereafter the court sustained defendant's objections to the introduction of any evidence by plaintiffs, on the ground that the complaint does not state facts sufficient to constitute a cause of action, and ordered judgment for defendant. From an order denying their motion for a new trial, plaintiffs appeal, and assign said ruling of the court as error.

The complaint is somewhat ambiguous. Whether or not it stated a cause of action for nominal damages for breach of the contract it is not necessary to decide. It certainly stated nothing more.

Such a cause of action is inconsistent with a cause of action for rescission of the contract, and plaintiffs could not proceed for both. They elected to proceed for rescission, and on this appeal are bound by their election, even though the facts alleged did not entitle them to that relief. After one party to a contract has performed a substantial part of the same, unless he can be placed in statu quo, the other party cannot rescind for his default in further performance, but is limited to an action for damages for such breach of the contract. Hunt v. Silk, 5 East, 449; Burge v. Cedar Rapids & M. R. Co., 32 Iowa, 101; Simmons v. Putnam, 11 Wis. 193; Handforth v. Jackson, 150 Mass. 149, 22 N. E. 634. A substantial part of this contract was performed by Holmes. He erected the woolen mill, and caused it to be operated 11 months. The contract could not be then rescinded, and judgment was properly ordered for defendants.

The order appealed from is affirmed.