# PANFILO LUCENTE vs. CHARLES O. DAVIS.

*Action for Breach of Covenant in a Lease—Harmless Error.*

In a lease of a lot of ground to the plaintiff for use as a "commissary" to supply railroad laborers, the defendant covenanted not to lease any other part of his land to any person for use as a "commissary." Afterwards the defendant leased a part of his land to a third person for use as a camp, and this person, without authority from the defendant, also opened a store in competition with the plaintiff. *Held*, that defendant was not liable to the plaintiff for a breach of covenant on account of such act of the third party.

To a declaration for breach of a covenant the defendant pleaded that he "did not commit the wrong alleged," and the case was tried under that plea. Upon appeal from a judgment for the defendant under an instruction to the jury that under the pleadings and evidence there was no legally sufficient evidence to entitle the defendant to recover, *held*, that, although the plea was improper in an action of covenant, yet since the plaintiff had failed to prove a breach of the covenant by defendant there could be no recovery under any state of the pleadings and the granting of the prayer was therefore not a reversible error.

Appeal from the Circuit Court for Allegany County (KEEDY and HENDERSON, JJ.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD and SCHMUCKER, JJ.

*Ferdinand Williams*, for the appellant.

*Finley C. Hendrickson*, for the appellee.

FOWLER, J., delivered the opinion of the Court.

This is an action to recover damages for an alleged breach of a covenant contained in a lease under seal from Charles C. Davis to Panfilo Lucente.

The *narr.* alleges that the plaintiff, Lucente, made a written contract with the defendant, Davis, whereby the latter leased to the former one-half acre of land, being a part of defendant's

farm in Allegany County, for the term of one year with the privilege of two, at a rental of twenty-five dollars per annum, for the purpose of running a commissary thereon to supply laborers on the Wabash Railroad and others with merchandise; that in said lease the defendant covenanted under seal with the plaintiff not to lease or rent any other part of said farm to any person for running a commissary or selling whiskey or beer; that the plaintiff commenced the said business with said laborers and acquired a profitable trade with them and others which continued until the defendant broke his said covenant and leased a part of his said farm to Michael Elmore for the purpose of starting a commissary thereon; that said Elmore began and continued said business in competition with the plaintiff's business to the damage of the plaintiff. Wherefore he brought this suit to recover damages for the loss thus sustained and caused by defendant's breach of his said covenant. To this *narr.* the defendant pleaded inadvertently, the general issue plea in *case* that he did not commit the wrong alleged; and upon this state of the pleadings the case was tried below. At the conclusion of the plaintiff's testimony the jury were instructed to find a verdict for defendant on the ground that under the *pleadings* and evidence there was no legally sufficient evidence to entitle the plaintiff to recover. To the granting of this prayer the plaintiff excepted, and the verdict and judgment being against him he has appealed. There is no other exception presented by the record. Neither in the Court below nor in this Court was any question made by counsel in regard to the correctness of the pleading. The pleadings appear to have been assumed to be free from error, and the whole contention was that, without regard to the pleadings (although the instruction does in fact challenge their correctness), the evidence was not legally sufficient to warrant a verdict for the plaintiff.

I. We will first determine the propriety of the Court's ruling by a consideration of the evidence alone, omitting for the present any reference to the pleading.

To sustain his case the plaintiff offered the lease under seal

containing the covenant already referred to, and testified in his own behalf among other things that about 1st June, 1904, the defendant came to him and told him that one Elmore wanted some of his farm for a *camp;* that if the plaintiff would give the defendant fifty dollars he would not let Elmore in; that he told the defendant he (the plaintiff) wanted the *camp* but he did not want a commissary, and therefore defendant said if you pay me fifty dollars I will not let Elmore in; and that on the 4th June Elmore came and started a camp and commissary on said land, and thereafter all of Elmore's employees stopped buying their supplies from plaintiff's commissary  *.  *  *;  that plaintiff went to defendant and told him that Elmore had a commissary on his farm contrary to his contract and defendant said he would see Elmore about it, and defendant afterwards told the plaintiff that Elmore would give him (defendant) no satisfaction.   In all this we find no proof of a breach of the covenant, which as we have seen related only to the renting of land for a commissary or store. It does not appear that the defendant ever made any contract with Elmore for a commissary or that the latter ever paid the defendant for such use of the land.   It is true the defendant testifies that Elmore did in fact open a store and transact business, but there is an absence of all proof to show that this was authorized by the defendant or that he received any consideration therefor.   On the contrary when the plaintiff complained the defendant offered to see Elmore, and he did so.   But he was unable to get any satisfaction.   It must be remembered that Elmore was rightfully upon the defendant's land so far as the establishment of a camp was concerned, for the plaintiff agreed to this and the covenant had no relation to it.   We are of opinion, therefore, that the Court below was right in telling the jury there was no legally sufficient evidence to prove a breach of the covenant sued on, and therefore unless there was reversible error in granting the prayer in spite of the defective plea, the judgment should be affirmed.

(2.) Is there such reversible error to be found in this case? That there was error is perfectly clear for the plea as we have

already pointed out is not a proper plea to an action of covenant. Ordinarily speaking, therefore, the plea being bad, the prayer should have been refused. *Poe Prac.* sec. 302, and authorities referred to in note 1. *Brantly Digest,* vol. 2, p. 1099. But inasmuch as we have failed to find in the record the necessary legal proof of a breach of the covenant without which there could be no recovery under any state of pleading, there is no damage to. the plaintiff and hence no reversible error.

*Judgment affirmed with costs.*

(Decided June 20th, 1905.)