THE UNIVERSITY CLUB OF CHICAGO, Defendant in Error, *vs.* EARL H. DEAKIN, Plaintiff in Error.

*Opinion filed October 16, 1914—Rehearing denied Dec. 2, 1914.*

1. CONTRACTS—*when question whether default is in a vital matter is for the court.* Where there is a failure to comply with a particular provision of a contract and there is no agreement that the breach of such provision shall operate as a discharge, it is a question for the court whether the default is in a matter which is vital to the contract.

2. LEASES—*what provision of lease is vital.* Where a landlord leases a store room for a jewelry and art shop and inserts in the lease a provision that the lessor agrees, during the term of the lease, not to rent any other store in its building to any tenant making a specialty of selling pearls, such provision is vital to the contract, and upon a breach thereof the tenant may surrender the premises and is not liable for further rent.

3. SAME—*when lease constitutes a bi-lateral contract.* A lease executed by both lessor and lessee, which contains covenants to be performed by each of them, is a bi-lateral contract.

4. SAME—*what is not a compliance by lessor with covenant not to rent to particular class of tenants.* A covenant in a lease of a store by which the lessor agrees not to lease any other store in its building to any tenant making a specialty of selling pearls is not complied with merely by inserting in the lease of another store a provision prohibiting the tenant from making a specialty of selling pearls, and if the lessor fails to enforce such prohibition the first lessee may terminate his lease and surrender possession and is not limited to an action of damages for breach of the contract.

265 – 17

WRIT OF ERROR to the Branch "C" Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding.

JOHN S. GOODWIN, and JAMES B. DEVITT, (JAMES P. HARROLD, of counsel,) for plaintiff in error.

MATZ, FISHER & BOYDEN, (LAIRD BELL, of counsel,) for defendant in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

Defendant in error, the University Club of Chicago, brought suit in the municipal court of Chicago against Earl H. Deakin, the plaintiff in error, to recover rent alleged to be due under a lease. A trial was had before the court without a jury and resulted in a judgment for $2007.66. Deakin prosecuted an appeal to the Appellate Court for the First District, where the judgment of the municipal court was affirmed. A writ of *certiorari* having been granted by this court, the record has been brought here for review.

On March 31, 1909, defendant in error leased to plaintiff in error, for a term of one year, a store room in its building at the corner of Michigan avenue and Monroe street, in the city of Chicago, at a rental of $5000 for the year. The lease provided that plaintiff in error should use the room for a jewelry and art shop and for no other purpose. It also contained the following clause, numbered 12: "Lessor hereby agrees during the term of this lease not to rent any other store in said University Club building to any tenant making a specialty of the sale of Japanese or Chinese goods or pearls." Shortly after this lease was made defendant in error leased to one Sandberg, for one year, a room in the University Club building, two doors from the corner, at a rental of $2500. The following provision was inserted in the Sandberg lease: "It is further distinctly

understood and agreed by and between the parties hereto that at no time during the term of this lease will the lessee herein use the demised premises for a collateral loan or pawnshop or make a specialty therein of the sale of pearls." On May 1, 1909, being the first day of the term of the lease, plaintiff in error took possession of the premises and thereafter paid the rent, in monthly installments, for May and June. During the latter part of June plaintiff in error, through his attorney, sought to obtain from defendant in error a cancellation of his lease on the ground that by leasing a room in the University Club building to Sandberg and permitting him to display and sell pearls therein defendant in error had violated the provision of plaintiff in error's lease above quoted, and that for such violation plaintiff in error was entitled to terminate the lease. Defendant in error refused to cancel the lease, and on June 30 plaintiff in error vacated the premises, surrendered the keys and refused to pay any further installments of rent. This suit was brought to enforce payment of subsequent installments of rent accruing under the lease for the time the premises remained unoccupied after June 30.

The evidence offered by plaintiff in error tended to show that Sandberg had made a specialty of the sale of pearls in connection with the conduct of his general jewelry business ever since he took possession of the room leased to him, and that plaintiff in error vacated the premises and surrendered possession because of the failure of defendant in error to enforce the twelfth clause of his lease. The evidence offered by defendant in error tended to prove that Sandberg had not made a specialty of the sale of pearls, and that when plaintiff in error first made known his desire to assign or cancel his lease he gave as his only reason that his health was failing and that he had been advised by his physician to leave the city of Chicago.

Propositions were submitted to the court by both parties to be held as the law of the case. The court held, at the

request of plaintiff in error, that the lease sued upon was a bi-lateral contract, and upon a breach of an essential covenant thereof by the lessor the lessee had a right to refuse further to be bound by its terms and to surrender possession of the premises, and that a breach of the twelfth clause of the lease would be a good defense to an action for rent if the tenant surrendered possession of the premises within a reasonable time after discovery of the breach. The court refused to hold as law propositions submitted by defendant in error stating the converse of the propositions so held at the request of plaintiff in error. The court properly held that the lease in question was a bi-lateral contract. It was executed by both parties and contained covenants to be performed by each of them. The propositions so held with reference to the effect of a breach of the twelfth clause of the lease also correctly stated the law. By holding these propositions the court properly construed the twelfth clause as a vital provision of the lease and held that a breach of that provision by the lessor would entitle the lessee to rescind. Where there is a failure to comply with a particular provision of a contract and there is no agreement that the breach of that term shall operate as a discharge, it is always a question for the courts to determine whether or not the default is in a matter which is vital to the contract. (*City of Belleville* v. *Citizens' Horse Railway Co.* 152 Ill. 171; *People* v. *Central Union Telephone Co.* 232 id. 260.) While there was no provision in this contract that plaintiff in error should have the option to terminate it if the terms of the twelfth clause were not observed, it is apparent that it was the intention of the parties to constitute this one of the vital provisions of the lease. It was concerning a matter in reference to which the parties had a perfect right to contract, and it will be presumed that plaintiff in error would not have entered into the contract if this clause had not been made a part of it. It is such an essential provision of the contract that a breach

of it would warrant plaintiff in error in rescinding the contract and surrendering possession of the premises.

The court was not asked to make any finding of fact, and there is nothing in the record to indicate that the judgment is based upon any finding of fact. Whether Sandberg had, in fact, made a specialty of the sale of pearls was one of the controverted questions in the case. One of the propositions submitted by defendant in error and held by the court, stated that the conduct of a general jewelry business was not "making a specialty of the sale of pearls," within the meaning of the words quoted as they were used in the twelfth clause of plaintiff in error's lease. This can not be construed as a holding that Sandberg did not, in fact, in addition to his conduct of a general jewelry business, make a specialty of the sale of pearls.

The following proposition was submitted by defendant in error and held by the court as the law of the case:

"That plaintiff performed all the obligations imposed upon it by its covenant that it would not rent any other store in its building to a tenant making a specialty of the sale of pearls, by incorporating in its lease to the second tenant that said second tenant should not make a specialty of the sale of pearls in the demised premises."

From a consideration of all the propositions of law held and refused, it appears that the judgment of the trial court was reached from the application of the proposition just quoted to the facts in the case. The court erred in holding this proposition as the law. By covenanting with plaintiff in error not to rent any other store in this building, during the term of plaintiff in error's lease, to any tenant making a specialty of the sale of pearls, defendant in error assumed an obligation which could not be discharged by simply inserting in the contract with the second tenant a covenant that such tenant should not make a specialty of the sale of pearls. It was incumbent upon it to do more than to insert this provision in the second lease. By the

terms of its contract with plaintiff in error it agreed that no other portion of its premises should be leased to any one engaged in the prohibited line of business, and if it failed to prevent any subsequent tenant from engaging in the business of making a specialty of the sale of pearls, it did so at the risk of plaintiff in error terminating his lease and surrendering possession of the premises.

This precise question has never been passed upon by this court, so far as we are able to ascertain. Defendant in error cites and relies upon *Lucente* v. *Davis,* 101 Md. 526, which supports its theory. We cannot yield our assent to the doctrine there announced. Defendant in error cannot escape its obligation by the mere insertion of a clause in the lease with the second tenant prohibiting him from engaging in the line of business named. Plaintiff in error contracted for the exclusive right to engage in this particular business in that building. There was no privity between him and Sandberg, and he was powerless to enforce the provisions of the contract between defendant in error and Sandberg. It is idle to say that an action for damages for a breach of contract would afford him ample remedy. He contracted with defendant in error for the sole right to engage in this specialty in its building, and if defendant in error saw fit to ignore that provision of the contract and suffer a breach of the same, plaintiff in error had the right to terminate his lease, surrender possession of the premises and refuse to further perform on his part the provisions of the contract.

For the errors indicated the judgment of the Appellate Court and the judgment of the municipal court are reversed and the cause is remanded to the municipal court for a new trial.                              *Reversed and remanded.*