## UNITED CIGAR STORES COMPANY OF AMERICA v. ANNA M. HOLLISTER AND OTHERS.[1]

March 18, 1932.

No. 28,836.

*John O. Loeffler,* for appellant.

*Allen & Straight,* for respondent Michael Lambrecht.

*Hallam & Hendricks,* for respondents Anna M. Hollister, Frederick J. Lambrecht, Emma C. Jenny, Anne E. Skinner, and Fred Gaertner.

LORING, J.

This was an appeal by the plaintiff from a judgment in favor of defendants on their counterclaim for a month's rent on leased premises at the corner of Sixth and Wabasha streets in St. Paul.

Plaintiff had been for some years a tenant of the corner part of defendants' building on the site above described. In 1928 the parties agreed that defendants should erect a new building on this corner and construct the rooms plaintiff proposed to rent according

[1]Reported in 242 N. W. 3.

to specifications prepared by it. This part of the building plaintiff leased for ten years for a cigar store, lunch room, soda fountain, or drug store at a minimum annual rental of $7,200, payable monthly. Rental at the rate of six per cent of the gross sales was to be paid if that rate exceeded $7,200 per annum. By the terms of the lease defendants were not allowed to rent any part of the remaining Wabasha street frontage for the purposes for which plaintiff rented. On the remaining frontage on Sixth street defendants might lease to a lunch room, cafeteria, or restaurant, with incidental sales of, tobacco permitted, or to a drug store without soda fountain or tobacco.

In May, 1929, plaintiff entered upon the premises it had leased and there remained in occupancy until April, 1930, when, finding its business unprofitable, it vacated the premises. It continued to pay the monthly minimum rent up to and including December, 1930, when it refused to pay further instalments, and brought this suit to cancel, annul, and rescind its contract for breach thereof by defendants. The ground on which it sought such relief was that defendants had on August 15, 1930, some four months after plaintiff had vacated, leased a part of the Sixth street frontage not covered by plaintiff's lease for a confectionery store to one J. George Smith, who about November 10, 1930, installed an old-fashioned, ice-cooled soda fountain of small capacity. Smith's entire operations were so trivial in amount as to make him an undesirable tenant. His gross receipts for lunches and drinks during the period of his occupancy until March, 1931, were found by the trial court not to exceed $128. Defendants notified him on September 4, 1930, of their election to terminate his tenancy and to vacate. He refused. His refusal was followed by another demand and then by forcible entry and unlawful detainer proceedings, which culminated in his being ejected under a writ of restitution March 12, 1931.

The plaintiff claims that the operation of the fountain business was a breach of its contract and should relieve it from further liability. Defendant Anna M. Hollister acted for her codefendants in leasing to Smith for a retail confectionery store and for no

other purpose, and further specified that he was not to operate any line of business which would conflict with any outstanding leases on other parts of the building. It was however stated that rent was to be figured on the basis of gross sales to include "all liquid refreshments sold as a product of the fountain or otherwise." The trial court found that defendants were not aware that Smith installed a soda fountain.

Plaintiff relies principally upon the case of University Club of Chicago v. Deakin, 265 Ill. 257, 106 N. E. 790, L. R. A. 1915C, 854. In that case Deakin leased from the plaintiff with a provision that the plaintiff should not rent any other store in its building to any tenant making a specialty of the sale of Japanese and Chinese goods or pearls. Plaintiff leased a room to Sandberg, who, contrary to the terms of his lease, displayed and sold pearls. The Illinois court there held that this was a substantial breach of defendant's lease and entitled him to rescind. We do not so regard the action of these defendants in the case at bar. The breach of the plaintiff's lease, if it was such, was technical merely. But however that may be, we do not regard the covenant against a soda fountain on Sixth street as dependent and vital to the whole consideration of the contract. On the contrary, it appears to be independent, subordinate, and incidental to the main purpose thereof. The character of the breach was so trivial as not to amount to a substantial violation of the covenant. As we read the authorities, it is not every violation of a contract which justifies its rescission. To authorize a rescission the violation should be substantial and of a dependent covenant which goes to the whole consideration. 1 Black, Rescission and Cancellation (2 ed.) § 212; 6 R. C. L. 926; Callanan v. K. A. C. & L. C. R. Co. 199 N. Y. 268, 284, 92 N. E. 747; Westerman v. Champion Fiber Co. 162 N. C. 294, 297, 78 S. E. 221. Where, as here, the breach is merely technical and of an independent covenant not going to the whole consideration, it does not require or justify rescission. In Worthington & Co. v. Gwin, 119 Ala. 44, 54, 24 So. 739, 743, 43 L. R. A. 382, the court said:

"The right to claim a discharge of the whole contract depends, not on whether the act constituting the breach was inconsistent with

the terms of the contract, but whether it was inconsistent with an intention to be further bound by its terms, or whether the breach was such as to defeat the purpose of the contract. The mere fact that a small quantity of the ore delivered to defendant was not free from foreign substance and satisfactory to the furnace company receiving it, did not give defendants any right to forbid plaintiff to continue mining ore under the contract."

In this case, we are not troubled by the question of whether or not the plaintiff may be compensated in damages for the technical breach of the lease which it sets up. The trial court has found that the plaintiff has suffered no damage whatever by reason of the alleged breach. Indeed, upon the evidence it could not have found otherwise.

Judgment is affirmed.