# V. H. HEYN v. LEO F. BRAUN AND ANOTHER.[1]

June 26, 1953.

No. 35,912.

[1]Reported in 59 N. W. (2d) 326.

 

*Burton R. Sawyer,* for appellants.
*Arthur E. Anderson,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Action by plaintiff to foreclose a mechanic's lien for labor and material furnished in the installation of an air conditioning unit on real estate upon which is situated a one-story commerical structure in the town of Le Sueur, Le Sueur county. Title to the premises is in defendants, Leo F. Braun and Angela M. Braun, his wife, as joint tenants.

The installation was pursuant to a written contract dated February 28, 1950, wherein plaintiff agreed with defendant Leo F. Braun to furnish all necessary labor and material for the installation of the unit on the property for the total sum of $2,260, the amount for which the lien was filed on October 10, 1950.

The unit serves defendants' building where, on the date of the contract, they were engaged in operating a retail bakery. Under the agreement, defendant Leo F. Braun was to install a partition between the front or retail portion of the building and the bake room in the rear portion thereof, but this partition was never installed.

Plaintiff commenced work during June 1950, and the installation was completed during September 1950. In July 1950, when the air conditioning system was started in a test run, it was discovered that air came through the ventilators with too great a force. Plaintiff remedied this difficulty about the first of September 1950. During November 1950, when the heat was turned on, some difficulty arose because of the system's failure to drain water resulting from condensation of the steam. Plaintiff was notified of this difficulty and promptly remedied it. A deficiency in the water capacity causing some difficulty was likewise remedied by plaintiff at this time. Thereafter, the system's mechanism appears to have worked satisfactorily and has been in constant use.

It is defendants' contention that, during July and August 1950 when the installation had been substantially completed, defendant Leo F. Braun instructed plaintiff on several occasions to remove the unit because of difficulty relating to the excessive air force through the ventilators and that this constituted an election to rescind the contract which plaintiff could not defeat by subsequently remedying the defects complained of. Defendants admitted that, after adjustments had been made by plaintiff, there was no further difficulty in this connection.

In opposition to this contention, plaintiff testified that during July 1950 the installation was substantially completed; that the only tests then made were to determine whether the motor was operating properly; that no one at any time complained about the air coming out with too great a force; that final tests were not made until sometime in September; and that during September when complaints were made they were all promptly adjusted. He denied that defendants had at any time expressed dissatisfaction with the system or told him to take it out.

The original complaint in the lien action was based upon a written contract to which defendant Angela M. Braun was not a party, and the complaint failed to contain an allegation as to the reasonable value of the labor and material furnished. At the opening of the trial on February 4, 1952, this defendant moved to dismiss the complaint as to her because, in the absence of an allegation as to reasonable value, no proper cause was pleaded against her. The court then granted plaintiff's motion to amend the complaint by adding thereto an allegation "that * * * $2,260 is the fair and reasonable value of the improvements on said premises." It is defendant Angela M. Braun's contention that the amendment constituted the pleading of a new cause; that by that time more than one year had elapsed since the last item of labor and material was furnished August 27, 1950; and that, hence, the new cause alleged was barred under M. S. A. 514.12, subd. 3, which requires that lien foreclosures be commenced within one year after the last item is furnished.

In their answers defendants alleged that plaintiff had failed to file a certificate of tradename for Minnesota Valley Electric Company, as required by § 333.01, and prayed that the action be abated as provided by § 333.06. Subsequently, before trial, a certificate of tradename was filed for V. H. Heyn and Grace T. Heyn doing business as Minnesota Valley Electric Company. During the trial, when it was disclosed that Grace T. Heyn had not executed the contract with defendant, the trial court permitted plaintiff to amend the title to the cause by striking from plaintiff's designation therein the words "dba Minnesota Valley Electric Company." It is defendants' contention that this amendment, made over their objection, constituted a circumvention of § 333.06 and, hence, was unauthorized.

Finally defendants contend that plaintiff warranted (1) that the unit would keep the show windows in the structure clear of frost, moisture, and steam and (2) that the installation thereof would be completed within a reasonable time from the date of the contract, and that both of such warranties had been breached by plaintiff thus relieving defendants of any liability under the agreement. The answers contained no allegation of damages resulting to defendants because of such breaches. Plaintiff denied making the described warranties in the sale of the unit and submitted testimony that, if the structure had been partitioned as agreed by defendant Leo F. Braun, ice and extra-heavy frost would have been eliminated from the windows.

In its findings the trial court determined:

"* * * that in the preparation and baking of baked goods a considerable amount of heat and moisture are generated; that * * * greatly increase the problem of air-conditioning, particularly if the rear portion of the premises * * * are not separated from the portion which is air conditioned.

\* \* \* \* \*

"* * * that although defendants failed to erect the partitions necessary to separate the retail sales and baking portions of said building said unit heated and cooled the front or retail portion of

said building from August 27, 1950, to the date of trial and kept the display windows free of ice and extra heavy frost and aided to a reasonable extent in the control of light frost and steam upon said display windows; * * *.

"That defendants allegation that plaintiff expressly warranted that said unit would keep defendants' windows completely free of all frost and steam and misting and would heat said premises at less cost is not sustained by the evidence; that defendants' allegation that plaintiff undertook to have said unit installed by May 1, 1950, is not sustained by the evidence; * * * that at no time during the installation of said unit from June 5, 1950, to August 27, 1950, did defendant object thereto upon the basis of time of installation; that at no time prior to the installation of said unit or prior to the trial of this matter have the defendants prepared said premises for the complete utilization of said unit by the erection of the partition * * *; that said unit was completely installed in proper working order within a reasonable time.

"That on February 27, 1951, and after the installation of said unit and after the same was in operation, the defendants attempted to rescind their agreement [this is evidenced by a letter from defendants' counsel] * * *; that said attempted rescission was not justified or warranted by the facts; * * * was not timely; * * * was null, void and of no effect."

"That defendant, Angela M. Braun, one of the joint owners of said premises, referred the management thereof to her husband, defendant Leo F. Braun; * * * worked with * * * Leo F. Braun, in the operation of the bakery upon said premises and was on said premises almost daily * * * during the time when plaintiff was installing said air-conditioning unit and was fully familiar with the nature and extent of said improvement * * * that said air-conditioning unit installed was reasonably worth the sum of two thousand two hundred sixty and no/100 dollars ($2,260.00)."

Judgment was ordered for plaintiff in the sum of $2,260, plus interest, costs, and attorney's fees, and this amount was impressed as a mechanic's lien against the premises described. Defendants

appealed from an order denying their motion for amended findings or a new trial.

■ The record as outlined reveals ample evidence to sustain the trial court's findings on the issues of rescission and breach of warranties. Plaintiff's testimony in itself is sufficient to sustain them and it finds corroboration in the written contract and in the testimony of experts called in plaintiff's behalf as well as in the admissions of defendants and their witnesses on cross-examination. To relate in further detail the evidence supporting such findings would serve no useful purpose here. On issues of fact such as these, as often has been stated, we are compelled to sustain the determination of fact-finding tribunals if there is evidence to support them. 1 Dunnell, Dig. (3 ed.) § 411.

■ Further, the rule is well established that only a *material* breach of a contract or a substantial failure in its performance justifies a party thereto in rescinding it. 4 Dunnell, Dig. (3 ed.) § 1808. It is obvious here that under this rule defendants were not justified in rescinding the contract after plaintiff had substantially performed his part thereof and only minor adjustments remained necessary to make the system work satisfactorily. United Cigar Stores Co. v. Hollister, 185 Minn. 534, 242 N. W. 3; Hunter v. Holmes, 60 Minn. 496, 62 N. W. 1131.

■ We do not find error in the trial court's order authorizing plaintiff to amend his complaint to include an allegation as to the fair and reasonable value of the labor and material furnished so that it would state a cause against defendant Angela M. Braun. Rule 15.01 of the new Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." Rule 15.03 thereof provides that, where the claim asserted in the amendment arose out of the transaction set forth in the original pleading, it relates back to the date thereof. In commenting thereon, 1 Youngquist & Blacik, Minnesota Rules Practice, p. 511, sets forth that:

"The principle of relation back of amended pleadings existed in prior law, but it was limited to an amendment which did not state a new cause of action. The harshness of the rule was modified by

a liberal construction of a 'cause of action'. In accord with this liberal application of the principle, the rule requires only that the amendment arise out of the 'conduct, transaction, or occurrence' set forth in the original pleading."

See, Haack v. Coughlan, 134 Minn. 78, 158 N. W. 908.

The federal courts in construing the identical rule (Federal Rule 15 [c]) have held it applicable in situations involving prescription or statutes of limitation, if the amendment under consideration relates back to or expands or amplifies the cause set forth in the original complaint, regardless of the intervening lapse of time or the running of the statute of limitations. Gerrard v. Campbell (D. C.) 81 F. Supp. 752; Boerkoel v. Hayes Mfg. Corp. (D. C.) 76 F. Supp. 771; Bowles v. Tankar Gas, Inc. (D. C.) 5 F. R. D. 230; T. S. C. Motor Freight Lines v. Leonard Truck Lines, Inc. (D. C.) 4 F. R. D. 366.

Here it is clear that the amendment did not change or vary the facts as alleged in the original complaint but, on the contrary, merely expanded and amplified them. Based upon the construction obviously intended for Rule 15.03 as above set forth, it follows that the amendment was authorized even though it set forth a new cause against which the limitation statute would otherwise have run, since under the rule the amendment relates back to and takes effect as of the time of the commencement of the original action.

■ Defendants assert that the trial court erred in deleting the tradename "Minnesota Valley Electric Company" from the designation of plaintiff in the proceedings. It is their contention that this circumvented the operation of § 333.06, which provides that proceedings in an action shall be stayed until a proper certificate of tradename shall have been filed by a party commencing an action, when the action is on account of any contract made on behalf of the business covered by such tradename.

The evidence here established that plaintiff had negotiated the contract for the air conditioning unit as an isolated transaction separate and distinct from the electrical business conducted under the tradename. The contract covering the transaction was signed in

his individual name without any reference to the Minnesota Valley Electric Company. The lien statement was signed "V. H. Heyn" without inclusion of the tradename, although the body of the instrument made reference thereto. The allegations of the complaint made no reference to the company but throughout referred to plaintiff as an individual only. Defendants were in no way deceived, damaged, or deprived of any of their rights because of the inaccuracy of plaintiff's designation in the complaint. Under such circumstances we find no error in the order of the trial court deleting the surplus description of plaintiff in the title to the proceedings.

Affirmed.

---

[1]Reported in 59 N. W. (2d) 331.