Larry WATSON, et al., Appellants,

v.

STONEWINGS ON THE
LAKE, Respondent.

No. C4–86–757.

Court of Appeals of Minnesota.

Sept. 30, 1986.

Michael D. Doshan, Doshan and Lord, P.A., Wayzata, for appellants.

Donna D. Geck, Arthur, Chapman, Michaelson & McDonough, P.A., Minneapolis, for respondent.

Considered and decided by LANSING, P.J., and PARKER and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

This is an action for personal injuries brought against a seller of intoxicating liquor. The trial court granted defendant's motion for summary judgment, holding that plaintiffs had not brought the action within the two-year limitation period pre-scribed by Minn.Stat. § 340.951. We affirm.

## FACTS

On August 28, 1983, Larry Watson was seriously injured when his automobile was struck by a vehicle driven by James Jenkins. Watson and his wife, Carol Watson, first sued Jenkins, alleging negligent and reckless operation of his vehicle, and in the same action sued Hotel Sofitel and Mai Tai Restaurant, alleging liability under the Civil Damages Act, Minn.Stat. § 340.95. During depositions, Watsons learned that a third on-sale liquor establishment, Stonewings on the Lake (Stonewings), may also have sold liquor to Jenkins on the day of the accident. After completion of discovery, this first action was settled through Pierringer releases and payment to the Watsons of $235,000 plus $40,000 no-fault benefits. The releases were signed in July and August of 1985.

Watsons next brought suit against Stonewings, alleging liability under the Civil Damages Act for the illegal sale of intoxicating liquor to Jenkins. The suit was commenced on September 5, 1985, two years and eight days after the injury, by service of summons and complaint on Phil Eder, a principal in Phil Eder Enterprises, Inc., d/b/a Stonewings on the Lake. The tradename "Stonewings on the Lake" was not registered with the secretary of state as required by law. The business was incorporated as "Stonewings, Inc.," on November 8, 1985.

In October 1985 Watsons again served Stonewings with a summons and complaint, designated as an amended complaint, adding the settled defendants from the previous action—Jenkins, Sofitel and Mai Tai—as defendants in the new action.

Stonewings successfully moved for summary judgment. The trial court ruled that the action was not commenced within the two years prescribed by statute.

## ISSUES

1. Should Stonewings be estopped from pleading the statute of limitations because

it failed to register its tradename as required by Minn.Stat. § 333.01?

2. Can Watsons' amended complaint relate back to the date of initiation of the previous lawsuit?

## ANALYSIS

### I

Watsons concede that they did not serve the summons and complaint on Stonewings within the two-year statute of limitations period. They claim, however, that Stonewings' failure to register its tradename as required by Minn.Stat. § 333.01,[1] prevented them from ascertaining the correct legal identity of Stonewings in order to properly serve them with process. Thus, they argue that Stonewings should be estopped from asserting the statute of limitations as a defense.

■ Estoppel is an equitable doctrine addressed to the discretion of the court, intended to prevent a party from taking unconscionable advantage of its own wrong by asserting a strict legal right. *Northern Petrochemical Co. v. U.S. Fire Ins.*, 277 N.W.2d 408, 410 (Minn.1979). Before estoppel can be applied, three elements must be proved: (1) defendant made representations on which (2) plaintiff reasonably relied, and (3) plaintiff will be harmed if estoppel is not invoked. *Id.*

■ The purpose of Minnesota tradename law is to protect the integrity of tradenames and to protect corporate creditors. It is not for the purpose of providing the public with a means to ascertain the correct name of an entity to properly designate it in a lawsuit.[2] While we recognize that filing tradenames with the secretary of state's office may serve an unintended purpose of providing information to prospective litigants, we still cannot find the elements necessary for estoppel.

■ As the trial court concluded, "the plaintiffs [Watsons] could have served the defendants [Stonewings] in any capacity." This is evidenced by the complaint which alleged Stonewings was a Minnesota corporation. Despite this incorrect designation, Eder received the summons and complaint.

Even if Stonewings' failure to register the tradename amounted to a misrepresentation, the pleadings demonstrate the absence of detrimental reliance. The summons and complaint were served on September 5, 1985. Watsons first alleged their inability to ascertain Stonewings' legal identity in the amended complaint, which was served six weeks after this initial service was accomplished. The trial court properly concluded that Stonewings is not estopped from asserting the statute of limitations.

### II

■ Alternatively, the Watsons argue that their complaint against Stonewings should relate back to the action against Jenkins, Sofitel and Mai Tai, which was commenced in 1984, within the statute of limitations period. A claim asserted in an

---

1. Stonewings clearly violated Minn.Stat. § 333.01, which states:

   No person shall hereafter carry on or conduct or transact a commercial business in this state under any designation, name, or style, which does not set forth the true name of every person interested in such business unless such person shall file in the office of the secretary of state, a certificate setting forth the name and business address under which the business is conducted or transacted * * *.

2. Minn.Stat. § 333.06 does provide that an action may be stayed "until a proper certificate of tradename shall have been *filed by a party commencing an action,* when the action is on account of any contract made on behalf of the business covered by such tradename." *Heyn v. Braun,* 239 Minn. 496, 502, 59 N.W.2d 326, 330 (1953) (emphasis added). This does not extend to an individual commencing a suit against a business covered by a tradename. As the trial court observed, there is a specific remedy for plaintiffs who cannot determine the identity of a potential defendant:

   When a party is ignorant of the name of an opposing party and so alleges in his pleading, the opposing party may be designated by any name, and when his true name is discovered the process and all pleadings and proceedings in the action may be amended by substituting the true name.

   Minn.R.Civ.P. 9.08.

amended pleading which arises out of the conduct set forth in the original pleading can relate back to the original pleading. This includes an amendment changing the party against whom the claim is asserted if the party (1) had notice of the original action, and (2) knew or should have known that the action would have been commenced against it but for some mistake. *See* Minn.R.Civ.P. 15.03.

 However, the operation of the rule will not bring the complaint against Stonewings within the two-year limitations period. This is a different lawsuit from the one that was timely commenced. The timely action against Jenkins, Sofitel and Mai Tai was not amended. The only attempted amendment is the October 1985 complaint which purports to amend the untimely September 5 complaint. Watsons' relation-back argument is successful only if we interpret the rule to confer on a current lawsuit the filing date of a previous lawsuit by virtue of adding the defendants to that previous lawsuit. This is not what the rule provides. Even if this were possible, the rule's notice requirement has not been met. Watsons attempt to impute prior knowledge of the action to Stonewings because they subsequently retained the same lawyer as the defendant in the settled lawsuit. The lawyer was not retained until after the second lawsuit was commenced; this is insufficient to support an inference that Stonewings had notice of the original action.

Minn.Stat. § 340A.802, subd. 2, provides that the statute of limitations for actions under the Civil Damages Act is two years from the date of injury. In this case the date of injury was August 28, 1983, and the summons and complaint were not served until September 5, 1985. The Watsons have failed to bring their action within the applicable statute of limitations.

## DECISION

The trial court correctly granted summary judgment because the action was barred by the statute of limitations.

Affirmed.