994 F.2d 843
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Steven T. KRAGH, Appellant,
v.
TOMBSTONE PIZZA CORP.; John Doe; Jane Doe (1-100), Appellees.
 No. 93-1068.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 27, 1993.
Filed: April 30, 1993.
 
 Before BOWMAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Steven T. Kragh appeals from the district court's[1] judgment denying his motion to remand this action to state court and dismissing the action. We affirm.
 
 
 2
 Following his dismissal from Tombstone Pizza Corporation, Kragh brought this action pro se in Minnesota state court. Tombstone timely removed the action to federal court on the basis of federal question and diversity jurisdiction and moved to dismiss and for sanctions under Federal Rules of Civil Procedure 12(b)(6) and 37(d). Kragh objected to the removal, arguing he was not subject to the federal court's jurisdiction; he was a citizen of Minnesota, a sovereign state, but not a citizen of the United States. Kragh also argued that Tombstone had not answered his complaint and that Minn. Stat. Ann. § 333.01 (West Supp. 1993) barred Tombstone's law firm, Faegre & Benson, from engaging in business because it had not properly registered with the Secretary of the State of Minnesota. The district court denied Kragh's motion to remand, granted Tombstone's motion to dismiss, and denied Tombstone's motion for sanctions. Kragh appealed.
 
 
 3
 We reject Kragh's claim that the district court lacked subject matter as well as personal jurisdiction because he is not a citizen of the United States. It is undisputed that "[a]11 persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside." U.S. Const. amend. XIV, § 1. Because Kragh admits that he is a citizen of Minnesota and that the Minnesota court has personal jurisdiction over him, it follows that he is a citizen of the United States and that the district court had subject matter and personal jurisdiction over him.
 
 
 4
 We conclude the district court properly ruled on Tombstone's motion to dismiss. Tombstone was not required to answer Kragh's amended complaint because it removed the action to federal court on the same day the answer was due under Minnesota law and it moved to dismiss within five days after removal. See Minn. R. Civ. P. 15.01, 6.05; Fed. R. Civ. P. 81(c), 12(a).
 
 
 5
 The district court properly considered pleadings filed by Tombstone's counsel from the law firm of Faegre & Benson. Section 333.01 does not apply to a partnership organized for the practice of law. See Op. Minn. Atty. Gen., 920-D, Aug. 12, 1948; see also Watson v. Stonewings on the Lake, 393 N.W.2d 518, 520 (Minn. App. 1986). We do not address Kragh's ERISA preemption claim because he raised it for the first time in his reply brief. See United States v. Dall, 918 F.2d 52, 53 n.3 (8th Cir. 1990) (per curiam) (issues raised for first time in reply brief not properly before court), cert. denied, 111 S. Ct. 981 (1991).
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota