**Al PODLESNICK, Plaintiff,**

**v.**

**AIRBORNE EXPRESS, INC., Defendant.**

**No. C–3–81–453.**

United States District Court,
S. D. Ohio, W. D.

April 21, 1982.

Ralph Skilken, Jr., Dayton, Ohio, for plaintiff.

Theodore R. Hoy, Dayton, Ohio, William F. Kaspers, Roger K. Quillen, Atlanta, Ga., for defendant.

---

DECISION AND ENTRY ON PENDING MOTION BY PLAINTIFF TO FILE AN AMENDED COMPLAINT; MOTION SUSTAINED; DEFENDANT TO ANSWER AMENDED COMPLAINT WITHIN STATED PERIOD OF TIME; DEFENDANT GIVEN LEAVE TO FILE AMENDED MOTION FOR SUMMARY JUDGMENT WITHIN DATE CERTAIN; BRIEFING SCHEDULE SET ON AMENDED MOTION FOR SUMMARY JUDGMENT; ENTRY OF CONTINUANCE; TRIAL DATE AND OTHER DATES SET

RICE, District Judge.

This case arises out of Defendant discharging Plaintiff from his employment on May 15, 1981. Plaintiff filed his complaint in this Court on August 27, 1981, and Defendant filed an answer thereto on September 21, 1981. Currently pending before this Court is Plaintiff's motion to file an amended complaint (doc. 11). Defendant has filed a memorandum contra (doc. 15) and Plaintiff filed a reply memorandum (doc. 16).

The original complaint set forth two causes of action. The first action alleged that Plaintiff was employed by Defendant as an aircraft pilot, and that he was promoted to a "chief pilot" on May 30, 1980, for an interim period. Plaintiff alleges that he was summarily dismissed on May 15, 1981, despite the further allegations that the parties had agreed to permit Plaintiff to return to the "position of line pilot". After said discharge, Plaintiff alleges that he demanded that the Defendant submit the question of his discharge to Defendant's System Board of Adjustment. Defendant's failure to do so, the first action concludes, violated his rights guaranteed by § 204 of the Railway Labor Act, 45 U.S.C. § 184. The second cause of action alleges that said discharge also breached Plaintiff's express and implied contract of employment with Defendant.

Jurisdiction of the original complaint is predicated on the Railway Labor Act, 45 U.S.C. § 181 *et seq.*, and 28 U.S.C. §§ 1331, 1337. While not cited in the complaint, jurisdiction of the second cause of action is presumably based on this Court's pendent jurisdiction over state law claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

The allegations in the proposed amended complaint (ex. attached to doc. 11) are quite similar to those found in the original complaint. Two causes of action are also set forth in the proposed amended complaint. The first cause of action is identical to the first action in the original complaint. In contrast, the second cause of action alleges that Defendant engaged in conduct to prevent its pilot employees from joining a union. As part of this conduct, Defendant allegedly ordered Plaintiff to discipline or discharge pilot employees who were active in union organizing. When Plaintiff refused to follow such orders, the complaint further alleges, Defendant terminated him, an act allegedly in violation of § 2, third and fourth, of the Railway Labor Act, 45 U.S.C.

§ 152, third and fourth. No breach of contract claim is alleged in the proposed amended complaint. Finally, the jurisdictional statement in said complaint is identical to that found in the original complaint.

On November 16, 1981, this Court filed a Preliminary Pretrial Conference Order (doc. 5) which, *inter alia*, set January 10, 1982, as the cut-off date for the parties to file motions. In an entry dated January 13, 1982 (doc. 10), this Court, at the request of newly substituted counsel for Defendant, amended the earlier preliminary pretrial conference order, by setting February 10, 1982, as the cut-off date for filing motions, and granted Defendant leave of the Court to file a motion for summary judgment by the same date.

Plaintiff filed his motion to file an amended complaint on February 8, 1982. Defendant filed its motion to dismiss or for summary judgment, directed towards the original complaint, on February 10, 1982. In a letter to counsel, dated February 26, 1982, this Court stated that Plaintiff need not file a reply to Defendant's motion, until the motion to file an amended complaint was ruled upon.

■ Under Fed.R.Civ.P. 15(a), leave of the Court to file amended pleadings "shall be freely given when justice so requires." The decision to grant a Rule 15(a) motion to amend a complaint is committed to the sound discretion of the district court. *Estes v. Kentucky Utilities Co.*, 636 F.2d 1131, 1133 (6th Cir. 1980). In determining whether or not to sustain such a motion, the Court must consider such factors as undue delay in filing the motion, lack of notice to the opposing party, bad faith by the moving party, undue prejudice to the opposing party, and the futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973).

In objecting to Plaintiff's motion to file an amended complaint, Defendant relies on three principal rationales: for the reasons set forth in its summary judgment motion (doc. 12), the amendment is futile; Plaintiff

unduly delayed bringing his motion to amend the complaint; and sustaining the motion would be unfair and prejudicial to Defendant. For the reasons set forth below, Defendant's rationales are not persuasive.

■ First, in contending that any amendment to the allegations in the original complaint would be futile, Defendant is apparently requesting this Court to sustain its summary judgment motion in the context of a Rule 15(a) motion. Defendant's primary argument in said motion is that the facts (drawn from affidavits attached to the motion) indicate that Plaintiff is *not* an "employee or subordinate official," 45 U.S.C. § 181, and thus not entitled to the protection of the Railway Labor Act. Addressing a summary judgment motion, of course, requires consideration of allegedly disputed issues of material fact found in affidavits and other materials outside the pleadings. Fed.R.Civ.P. 56. In contrast, courts which have considered the "futility" of amendments under Rule 15(a) have only examined the sufficiency of the pleadings themselves, as with a motion for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6). *See Hall v. Pennsylvania State Police*, 433 F.Supp. 385 (E.D.Pa.1976); 3 Moore's *Federal Practice*, ¶ 15.08[4] at 15–105–110 (2d ed. 1982). Utilizing a summary judgment form of review to test the futility of amendment is particularly inappropriate in the instant case, where Plaintiff has not yet responded to Defendant's motion for summary judgment.

■ Only examining the allegations in the proposed amended complaint reveals that they would survive a motion to dismiss under Rule 12(b)(6). The first cause of action in said complaint alleges that Plaintiff was an employee, subject to the protections of the Railway Labor Act (proposed amended complaint, ¶¶ 9–11). Similarly, Plaintiff's allegations that he is an "employee" would enable him to bring suit under 45 U.S.C. § 152, third and fourth, as set out in the second cause of action (proposed

amended complaint, ¶¶ 12–19). *See Adams v. Federal Express Corp.*, 547 F.2d 319, 321–22 (6th Cir. 1976), *cert. denied*, 431 U.S. 915, 97 S.Ct. 2177, 53 L.Ed.2d 225 (1977). Accordingly, this Court finds that it would not be "futile" for Plaintiff to file the proposed amended complaint.

■ Second, while promptness in filing pleadings is always preferable, particularly where, as here, the Court has set tentative discovery cut-off and trial dates, Plaintiff did not *unduly* delay filing a motion for the proposed amended complaint. Plaintiff states, in support of said motion (doc. 11, p. 1), that the facts underlying the second cause of action only came to light in a deposition taken on October 15, 1981. Moreover, this case was the subject of intensive, though unsuccessful, settlement negotiations through November of 1981, as previously noted by this Court (doc. 5, p. 1). Finally, Plaintiff did file his motion two days before the motion cut-off date set in this Court's January 13, 1982, Entry. Considering these circumstances, this Court cannot find that Plaintiff unduly delayed in filing his motion. In any event, delay, by itself, is frowned upon as a sufficient reason to overrule a motion to amend. *Hageman v. Signal L. P. Gas, Inc., supra.*

■ Finally, Defendant would not suffer substantial prejudice in having to defend the allegations set forth in the amended, as opposed to the original, complaint. The first cause of action in both complaints is identical. The second cause of action in the proposed amended complaint arises from the same factual circumstances as those upon which the first cause of action is based. Thus, Defendant would not be prejudiced in defending said allegations. Indeed, Defendant's defense of the latter allegations, at least regarding its summary judgment motion, appears to be the same as the defense for the first cause of action, namely, that Plaintiff is not an "employee or subordinate official" subject to the protections of the Railway Labor Act. Thus, virtually all of Defendant's 34-page memorandum attached to its present motion for summary judgment would be fully applicable to a similar motion directed toward the amended complaint. Defendant's efforts in preparing said memorandum would not be wasted in preparing a defense to the amended complaint.

Accordingly, for the aforestated reasons, Defendant's objections to Plaintiff's motion to file an amended complaint is not well taken, and said motion is hereby sustained. As the Court understands it, Plaintiff's purpose is to substitute the amended complaint, in its entirety, for the original complaint. Thus, the original complaint is now superseded by the amended complaint, and the former no longer plays a role in this lawsuit.

The Defendant will have 14 days from date of receipt of notice of this Decision within which to file an answer to the Plaintiff's amended complaint.

Within 21 days from date of receipt of notice of this Decision, Defendant will file an amended motion for summary judgment, superseding the motion for summary judgment previously filed with this Court on February 10, 1982. The briefing schedule on this amended motion for summary judgment shall be as follows:

All memoranda, in opposition to the above motion and in favor thereof, must be filed pursuant to the timetable set forth by the Local Rule of Court 4.0.2, to wit: "any memoranda contra a motion shall be filed within twenty (20) days from the date of service as set forth on the certificate of service attached to the served copy of a motion. Failure to file a memorandum contra may be cause for the Court to grant the motion as filed. A reply memorandum may be filed within seven (7) days after the date of service shown on the certificate of service attached to the served copy of the memorandum contra. These periods may be extended as provided by Rule 3.5. No additional memoranda beyond those enumerated above will be permitted, except upon leave of Court for good cause shown."

Trial on the merits of the captioned cause, heretofore set for the week of April 19, 1982, is hereby ordered continued due to

the filing of the amended complaint and the desirability of resolving all pending motions for summary judgment prior to trial upon the merits.

Trial on the merits, before the Court sitting as the trier of fact, is set to begin on Wednesday, September 8, 1982.

The date to reveal identity of all witnesses, together with a brief synopsis of their testimony is July 10, 1982.

The parties are ordered to "cut off" discovery by Tuesday, August 10, 1982. This "cut off" date is inflexible and can only be modified by agreement of counsel or by the Court, upon a filing of a motion showing good cause. For purposes of this pretrial order, the term "discovery" includes any depositions taken for perpetuation of testimony purposes and sought to be used at trial.

The discovery "cut off" deadline means that all discovery must be *concluded*, as opposed to simply requested by August 10, 1982. Purely as a hypothetical example, a request for the production of documents, with a twenty-eight day response time, must be served upon the opposing party in sufficient time to allow said party to respond prior to the discovery "cut off" date.

Leave of Court is granted to file whatever motions not directed to pleadings deemed necessary (including motions for summary judgment) not later than July 10, 1982.

The jointly prepared Final Pretrial Order, in the form suggested by the enclosed materials, is to be filed by 4:30 p. m. on Tuesday, August 24, 1982.

The date of the Final Pretrial Conference is Thursday, August 26, 1982, at 4:30 p. m. This pretrial conference will be had by way of telephone conference call. The attorneys listed below need not appear in chambers for such pretrial but need only wait by their telephones at the appointed time.