Ernest PAYNE, Jr., Rose Marie Payne, Plaintiffs,

v.

A.O. SMITH CORPORATION, Emerson Electric Company, Emerson Electric Company (White-Rodgers Division), Defendants.

No. C–3–81–049.

United States District Court, S.D. Ohio, W.D.

Nov. 14, 1983.

Anthony B. Pennington, Springfield, Ohio, Stanley E. Karon, St. Paul, Minn., for plaintiffs.

Robert E. Frost, Daniel R. Freytag, Columbus, Ohio, for defendant A.O. Smith.

Peter K. Graves, Jr., Dayton, Ohio, Marvin D. Morgenstein, San Francisco, Cal., for defendant White Division, Emerson Elec. Co.

## DECISION AND ENTRY SUSTAINING IN PART, AND OVERRULING IN PART, PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT; DEFENDANTS' MOTIONS TO DISMISS SUSTAINED IN PART AND OVERRULED IN PART; DECISION MADE CONDITIONAL ON PLAINTIFFS' FILING SECOND AMENDED COMPLAINT

RICE, District Judge.

Plaintiffs filed this diversity action on February 17, 1981, premised on a water heater explosion in Plaintiffs' home on August 14, 1979, from which they allegedly received personal and derivative injuries. Defendants, manufacturers of the water heater and gas control unit in question, were sued under four counts (negligence, warranty, strict liability, and "punitive damages"). In early February of 1983,[1] Plaintiffs moved (doc. # 162) to file an amended complaint, which sought to (a) correct two minor errors in the original complaint, (b) increase the amount of damages prayed for, and (c) add a fifth cause of action, under the federal Consumer Products Safety Act (CPSA), 15 U.S.C. § 2072.

Defendants vigorously contest the requests for amending the complaint under (b) and (c), and the parties have exhaustively briefed the issue (see docs. # 162, 94, 96, 103, 113, 153, 161). Defendants have also requested that oral argument be had on the motion. Given the numerous and lengthy memoranda filed by the parties, the Court holds that oral argument is unnecessary. Defendants' arguments can be summarized under three headings: (1) Plaintiffs unreasonably delayed in filing the motion; (2) the purported cause of action under the CPSA is barred by the statute of limitations; and

---

1. Unfortunately, an exact date cannot be placed on the motion. Plaintiffs' counsel sent the motion to the chambers of this Court, rather than to the Clerk of Courts. The letter accompanying the motion indicated that same was mailed on February 4, 1983. The Court only recently delivered the motion to the Clerk for docketing (on August 17, 1983). However, Defendants obviously received the motion, in view of their extensive briefing of the matter, starting in late February. Thus, none of the parties have been prejudiced by the late docketing of the motion. Said motion will be deemed filed as of February of 1983.

(3) even if the latter action is not time barred, Plaintiffs fail to state a claim under same. The Court finds none of those contentions to be well taken, with the exception of certain relief requested under the CPSA. Accordingly, the Court sustains in part, and overrules in part, the motion to file an amended complaint.

## I.

■ After a responsive pleading has been filed, as herein, a party may amend his complaint "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). This decision is committed to the discretion of the trial court, and the party opposing the motion must demonstrate that the court abused its discretion in permitting the amendment, by a showing of prejudice, or by demonstrating that the complaint, as amended, could not withstand a motion to dismiss under Rule 12(b)(6). *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir.1983); *Podlesnick v. Airborne Express, Inc.*, 94 F.R.D. 288, 290 (S.D.Ohio 1982).

■ Defendants argue that Plaintiffs' year and one-half delay in amending the complaint is unjustified and will prejudice them by injecting a new and different issue into this case. The Court agrees with Defendants that Plaintiffs' rationale for the delay is not particularly compelling. The CPSA cause of action, Plaintiffs state, was only added when a decision was reported in January of 1983: *Butcher v. Robertshaw Controls Co.*, 550 F.Supp. 692 (D.Md.1981). As will be discussed below, that decision, in fact, did not break any particular new ground, and nothing seems to have prevented Plaintiffs from originally alleging a CPSA cause of action. *Cf. Engle v. Isaac*, 456 U.S. 107, 131–34, 102 S.Ct. 1558, 1573–75, 71 L.Ed.2d 783 (1982) (even *prior* to

Supreme Court decision on point, counsel for habeas corpus petitioner did not lack "the tools to construct" the claim which prevailed in said decision). Plaintiffs also state that the punitive damages request was increased, based on information revealed in certain depositions taken of Defendants in related litigation in late 1981. No reason for the over one year delay in amending was given.

However, Defendants have not demonstrated that any prejudice will inure to them by the court permitting the requested amendments. Plaintiffs insist that no *new* discovery or evidence will be necessary to support the added damage claims or cause of action. Plaintiffs' Reply Memorandum, doc. # 113, p. 2. (This point will also be further discussed below). Nor have Defendants specifically indicated how the amendments will prejudice them in pretrial or trial proceedings.[2] Given that mere delay, without a showing of prejudice, is insufficient to deny amendment, *see Tefft v. Seward*, 689 F.2d 637, 639 n. 2 (6th Cir. 1982); *Podlesnick, supra*, 94 F.R.D. at 291, the Court finds that the alleged prejudice, by itself, does not justify denial of the motion. The Court may reconsider its holding, should Defendants demonstrate more concrete prejudice at some future point in the litigation. *See Roth Steel Products, supra*.

## II.

Defendants next argue that any CPSA cause of action would be barred by the applicable statute of limitations. As noted above, the accident in question occurred on August 14, 1979; the original complaint was filed some 18 months later, and the motion to file an amended complaint was filed about three and one-half years after the accident. Defendants argue that the two year limitations period in Ohio for personal injury torts, Ohio Rev.Code Ann. § 2305.10 (Page 1982), should apply, bar-

---

**2.** To be fair to Defendants, their charges of prejudice were made at a time when trial of this case was scheduled for early June of 1983, with a discovery cut-off date of early May of 1983. These dates have since been changed. In the context they were made, Defendants' characterizations of the amendments as prejudicial, "eleventh-hour" changes carry more weight than they do at this point.

ring the amendments. They also argue that, given the uniqueness of a CPSA cause of action, the amendment should *not* relate back under Rule 15(c). Plaintiffs originally joined battle on the issue of the uniqueness of a CPSA action; they have now abandoned that argument, concede the uniqueness of a CPSA cause of action, and contend that Ohio Rev.Code Ann. § 2305.09 (Page 1982) (four year period for fraud and torts not otherwise listed) or Ohio Rev. Code Ann. § 2305.07 (Page 1982) (six year period for liability based on a statute) governs, obviating the need to rely on the relation-back doctrine. *See* Plaintiffs' Supplemental Reply Memorandum, doc. # 161. While the issues are close ones, the Court must agree with the Plaintiffs.

■ Section 23 of the CPSA, 15 U.S.C. § 2072, enacted in 1972, sets out an express damage remedy for any "person who shall sustain injury by reason of any knowing (including willful) violation of a consumer product safety rule, or any other rule or order issue by" the Consumer Product Safety Commission (CPSC). Neither § 2072, any other provision of the CPSA, nor the legislative history, *see* [1972] U.S. Code Cong. & Adm.News 4573 *et seq.*, discusses any statute of limitations to apply to a § 2072 action. In the absence of express Congressional directive, the Court must apply the most analogous state or federal statute of limitations. *DelCostello v. International Brotherhood of Teamsters,* —— U.S. ——, 103 S.Ct. 2281, 2287–89, 76 L.Ed.2d 476 (1983); *Sutton v. Bloom,* 710 F.2d 1188, 1190 (6th Cir.1983), *petition for*

cert. filed, 52 U.S.L.W. 3268 (U.S. Sept. 26, 1983) (No. 83–512). *Cf. Stevens v. Tennessee Valley Authority,* 712 F.2d 1047, 1053 (6th Cir.1983), (an action under the Veterans Preference Act, 5 U.S.C. § 3551, is of such uniqueness that "no state statute of limitation applies and that therefore the limitation upon the right of action in such actions as this is governed by the equitable doctrine of laches."); *DelCostello,* 103 S.Ct. at 2293 n. 20.

The issue of what limitations period applies to a § 2073 action appears to be one of first impression. Since the complaint as a whole is premised on the personal injuries allegedly arising from the water heater explosion, Defendants contend that the most analogous state[3] statute of limitations is the two-year statute for personal injuries, O.R.C. § 2305.10. Applying a two-year period will time bar the amendment, *unless* the amendment relates back, under Rule 15(c), to the filing date of the original amendment. Rule 15(c) permits relation back "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading ...." In applying this test, courts have typically asked if the facts alleged in the original complaint put the opposing party on notice that an additional claim could be raised. *See Hageman v. Signal L.P. Gas, Inc.,* 486 F.2d 479, 484 (6th Cir.1973); 6 C. Wright & A. Miller, *Federal Practice and Procedure,* § 1497 at 497–98 (1971).

---

**3.** At one point, Defendant Emerson Electric argued that the three-year limitations period found in 28 U.S.C. § 2415(b) (action for damages brought by United States "founded upon a tort") applies. Memorandum in Opposition, doc. # 103, p. 19 n. 17. *See also, United States v. Advance Machinery Co.,* 547 F.Supp. 1085 (D.Minn.1982) (applying five-year statute, 28 U.S.C. § 2462, for "enforcement of any civil fine, penalty, or forfeiture," to action brought by government under 15 U.S.C. § 2069, "civil penalties" provision of CPSA). While applying an analogous *federal* limitations period is certainly permissible, *DelCostello,* 103 S.Ct. at 2289, the Court does not find either of the suggested periods "an analogy to the present lawsuit more

apt than any of the suggested state law parallels." *Id.* 103 S.Ct. at 2293 (footnote omitted). Unlike the present action, the above-mentioned federal limitations periods are primarily, if not exclusively, designed for use in suits brought by the government. Moreover, there is no indication that Congress intended that limitations periods in Title 28 of the United States Code govern the express remedy for private individuals found in § 2073. One of the express purposes of the CPSA was "to develop uniform safety standards for consumer products and to minimize conflicting state and local regulations," 15 U.S.C. § 2051(b)(3), but the Court cannot discern a single federal limitations period which might serve the interest of uniformity.

Plaintiffs candidly acknowledge that the relation back of the CPSA cause of action is problematic. As Defendants point out, a § 2072 "claim involves activities relating to a defendant's understanding and compliance with a CPSC rule. These activities do not relate to the manufacture or sale of the product." Emerson Electric's Supplemental Memorandum, doc. #153, p. 10. Moreover, causation and other issues may differ under a § 2072 claim and a common law tort/product liability claim. *Id.* at 11–12. *Accord, Kiser v. A.O. Smith Corp.,* No. 81–JM–979 (D.Colo. June 8, 1983) (transcript of oral ruling attached to doc. #153);[4] Comment, *The Consumer Product Safety Act & Private Causes of Action for Personal Injury: What Does a Consumer Gain?,* 30 Baylor L.Rev. 115, 118–22 (1978). In short, it is doubtful that the facts alleged in the original complaint would have put Defendants "on notice" that they might also be sued under the CPSA. It is equally doubtful that the proposed CPSA claim could relate back to the date of the filing of the original complaint.

Plaintiffs, however, now eschew any reliance on the relation back doctrine, and contend that the CPSA claim is governed by either a four or six year statute of limitations (the claim being timely filed under either statute). If a CPSA action is so different from their original state law tort claim that relation back under Rule 15(c) is impossible, they also contend that the state limitations period for personal injury torts should not apply to the CPSA action. The Court finds this reasoning to be persuasive. The parties now agree that the CPSA claim is different from the causes of action in the balance of the complaint. For example, it appears that the *only* jury questions under a CPSA claim are whether an injury occurred, the amount of damages, and whether the Defendant "knowingly" violated certain safety rules. Jury issues in a typical tort suit are more numerous. *See* Comment, *supra. Cf. Young v. Robertshaw Controls Co.,* 560 F.Supp. 288, 291 (N.D.N.Y.1983). The differences between a CPSA action and a "garden variety" tort action contemplated by O.R.C. § 2305.10 are sufficient to disclaim application of the latter statute. *See Nickels v. Koehler Management Corp.,* 541 F.2d 611, 618 (6th Cir. 1976) (discussing differences and similarities of federal securities law and state common law fraud before applying state limitations period), *cert. denied,* 429 U.S. 1074, 97 S.Ct. 813, 50 L.Ed.2d 792 (1977); *Mason v. Owens-Illinois, Inc.,* 517 F.2d 520 (6th Cir.1975) (discussing difference between federal civil rights law and Ohio Civil Rights Commission procedure; OCRC limitations period not applied). *See generally, Sutton v. Bloom, supra.*[5]

As Plaintiffs suggest, the remaining, analogous Ohio limitations period would appear to be either O.R.C. § 2305.09 (four years for fraud or for torts not specifically listed) or O.R.C. § 2305.07 (six years for liability based on a statute). The latter provision has been construed to cover liability based on a *federal* statute, *e.g., Mason v. Owens-Illinois, Inc., supra,* and would seem to cover a CPSA claim, as well. However, the Court finds that § 2305.09 provides an appropriate period, given that a CPSA action does partake of elements of a typical tort, even if it is not identical to same. Plaintiffs' CPSA claim is not time barred when a four year statute is applied. The Court believes that in the interest of consistency and predictability, a uniform statute should, ideally, apply to the entirety of the proposed amended complaint. However, in this Circuit, when limitations peri-

---

4. In *Kiser,* Judge Moore refused to apply the relation back doctrine to an amendment to a complaint which sought to raise a CPSA claim. However, Plaintiffs inform the Court, Supplemental Memorandum, doc. #161, pp. 2–3, that Judge Moore applied Colo.Rev.Stat. § 13–80–106 to the CPSA claim, which provides a one-year statute for a liability created by a federal statute. Ohio has no such statute expressly referring to federal liabilities.

5. If the Court is incorrect in its decision that CPSA and tort claims are qualitatively different, so as to justify application of different limitations periods, it would seem to follow that the *similarities* between the actions would justify relation back of the CPSA action.

ods must be borrowed, it is proper to "fragment" the complaint, if necessary, by applying different statutes of 'limitations to separate causes of action in a complaint. *See Woods v. City of Dayton*, 574 F.Supp. 689 at 695 (S.D.Ohio 1983), *appeal docketed after final judgment entry*, No. 83–3276 (6th Cir. April 2, 1983).

For these reasons, the CPSA claim in the proposed amended complaint is not barred by the applicable statute of limitations.

### III.

Finally, Defendants argue that even if an action under § 23 of the CPSA is not time barred, Plaintiffs have failed to state a claim under same. They initially point out that the proposed amended complaint does not allege several of the elements listed in § 23 (e.g., a "willful" violation), or the safety order or rule which the Defendant supposedly violated. Plaintiffs acknowledge these deficiencies, and suggest that a second, more detailed, proposed amended complaint be filed. The Court agrees, and orders that same be filed (see below).

 Defendants also point out that Plaintiffs seek treble and punitive damages under their CPSA claim. Such damages are not provided for in the statute, and thus cannot be requested by Plaintiffs. *See Young, supra*, 560 F.Supp. at 294; *Walba v. H & N Prescription Center, Inc.*, 539 F.Supp. 352, 354 (E.D.N.Y.1982). Any such reference will be stricken by the Court.

Lastly, Defendants contend that Plaintiffs' entire CPSA claim must fail, since the CPSC rule which Defendants allegedly violated, 16 C.F.R. § 1115 (1983), *see* Plaintiffs' Reply Memorandum, doc. # 96, is only an "interpretative guideline," not a "substantive rule" meant to be enforced under § 23 of the CPSA. Defendants have extensively briefed this issue, and their arguments are not without force. However, their specific contentions have been rejected by two previous district courts. *Butcher, supra*, 550 F.Supp. at 696–98; *Young, supra*, 560 F.Supp. at 292–

93 n. 8. Even if Defendants' characterization of the cited regulation is correct, actions alleging violations of same are simply not foreclosed by the plain language of 15 U.S.C. § 2072. *Id.* Accordingly, this Court rejects Defendants' position, as well.

### IV.

For the foregoing reasons, the Court sustains, in part, the Plaintiffs' motion to file an amended complaint. The motion is overruled to the extent that Plaintiffs seek punitive or treble damages under § 23 of the CPSA. The motion is sustained in all other respects. This partial sustaining of the motion is *conditioned* on Plaintiffs following the "preferred practice," *Thompson v. Kerr*, 555 F.Supp. 1090, 1092 n. 1 (S.D. Ohio 1982), of filing a complete second amended complaint, setting out in greater detail (as noted above) their claims under the CPSA. Said complaint should be filed within ten (10) days after receipt of this entry.

Defendants have moved, in the alternative, if this Court sustains the motion to file an amended complaint, to dismiss the CPSA claim and the increase in damages. For the foregoing reasons, these motions are sustained, to the extent Plaintiffs seek punitive or treble damages under the CPSA. The motions are overruled in all other respects.