Janet SWENSON, individually and as trustee for the heirs at law and next of kin of Edward C. Swenson, Respondent,

v.

The EMERSON ELECTRIC CO., Defendant and Third Party Plaintiff, Appellant,

The A.O. SMITH CORPORATION, Defendant and Third Party Plaintiff, Appellant,

v.

LAKE REGION COOPERATIVE, Third Party Defendant.

Nos. C8–84–188, CX–84–242.

Court of Appeals of Minnesota.

Oct. 2, 1984.

John C. Lervick, Swenson, Grover, Lervick, Syverson & Battey, Ltd., Alexandria, for respondent.

Douglas J. Muirhead, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, Robert M. Sussman, Covington & Burling, Washington, D.C., for appellant The Emerson Electric Co.

Thomas C. Athens, Arvesen, Donoho, Lundeen, Hoff, Svingen & Athens, Fergus Falls, for appellant The A.O. Smith Corp.

Charles R. Kennedy, Kennedy & Nervig, Wadena, for Lake Region Co-op.

Winston W. Borden, St. Paul, for Minnesota Association of Commerce and Industry, amicus curiae.

Clint Grose, Minneapolis, for Minnesota Trial Lawyers Association, amicus curiae.

Heard, considered and decided by POPOVICH, C.J., and LESLIE and CRIPPEN, JJ.

## OPINION

POPOVICH, Chief Judge

Plaintiff-respondent Janet Swenson, individually and as trustee for the heirs at law of Edward Swenson, commenced this wrongful death action against defendant-appellants A.O. Smith Company and Emerson Electric on April 6, 1981. Her claims arise from explosion of a water heater manufactured by appellant A.O. Smith which incorporated thermostatic gas controls manufactured by appellant Emerson Electric Company. Respondent's husband, Edward Swenson, was severely burned in the explosion and died 11 days later.

On June 14, 1983, respondent moved for permission to file a second amended complaint adding a cause of action under the Consumer Product Safety Act, including a claim for punitive damages. Appellant Emerson Electric opposed the motion. On November 21, 1983, the Douglas County District Court issued an order granting respondent leave to file a second amended complaint.

On December 22, 1983, appellants moved to dismiss the Consumer Product Safety Act claim, for summary judgment on that claim, or for certification of the issues relevant to that claim. By order of January 13, 1984, the trial court denied appellants' motion to dismiss or for summary judgment but certified the questions as impor-

tant and doubtful pursuant to Minn.R.Civ. App.P. 103.03(h).

Certified questions answered.

## FACTS

The parties submit the following agreed statement of the record pursuant to Minn. R.Civ.App.P. 110.04:

1. Plaintiff avers that on September 21, 1979, an explosion occurred which caused the death of Plaintiff's decedent, Edward C. Swenson. Plaintiff avers that the explosion was caused by an accumulation of LP gas due to a defective water heater valve manufactured by Appellant.

2. Plaintiff commenced this litigation by service of process on April 14, 1981.

3. On June 6, 1983, Respondent brought a motion for leave to amend her Complaint to assert a cause of action against Appellant Emerson Electric for alleged violations of the Consumer Products Safety Act, and to amplify her allegations in support of a claim for punitive damages. Over Appellant Emerson Electric's objection, leave was granted to serve the Amended Complaint.

4. Count Five of Plaintiff's Second Amended Complaint seeks to recover damages based upon alleged violations of the Consumer Products Safety Act.

5. Immediately after service of Plaintiff's Second Amended Complaint pursuant to leave of the trial court, Appellant Emerson Electric Company noticed a motion to dismiss Count Five of Plaintiff's Second Amended Complaint for failure to state a claim upon which relief can be granted, or in the alternative for summary judgment dismissing Count Five of Plaintiff's Second Amended Complaint as time barred under the statute of limitations for wrongful death actions in the state of Minnesota. Appellant Emerson Electric further moved the Court for judgment dismissing Plaintiff's claims for punitive damages for failure to state a claim upon which relief can be granted. Each of the motions was denied by the trial court, but the court certified each of the issues raised to be important and

doubtful in order to permit interlocutory review of those issues.

## ADDITIONAL RECORD FACTS

On September 10, 1979, decedent Edward Swenson allegedly went to the basement of the family home to light the pilot light of the family's water heater. While he was in the basement, an explosion occurred. Edward was seriously burned and was taken to the Douglas County Hospital and then the Ramsey County Hospital Burn Unit. He died on September 21, 1979.

Respondent Janet Swenson is the surviving spouse of Edward Swenson. She was appointed Trustee for the couple's four minor children and commenced this wrongful death action on behalf of herself and the children on April 6, 1981. The complaint includes five counts: (1) negligent design, manufacture, construction, assembly, packaging and distribution; (2) negligent failure to provide reasonable warning of product defect and hazard; (3) breach of implied warranties of fitness and merchantability; (4) strict product liability; and (5) willful indifference to the rights and safety of others justifying an award of punitive damages. Respondent filed an amended complaint on March 17, 1982 by consent of the parties. The amended complaint did not alter the counts enumerated in the original complaint.

On June 14, 1983, respondent filed a motion for permission to file a second amended complaint. The trial court, over opposition, granted the motion pursuant to Minn. R.Civ.P. 15.01 by order dated November 21, 1983.

The second amended complaint alleges a violation of the Consumer Product Safety Act, 15 U.S.C.A. §§ 2051–2083 (1982). Specifically, the complaint alleges the water heater and gas control valve were defective and created a substantial product hazard as defined by the Act. Appellants' failure to timely and accurately report this substantial product hazard to the Consumer Product Safety Commission in violation of 15 U.S.C.A. § 2064(b) (1982) forms the basis of respondent's claim for costs, fees and punitive damages.

Appellants moved for dismissal or summary judgment on the Consumer Product Safety claim, asserting respondent had failed to state a cause of action within the private suit provision of the Act, 15 U.S. C.A. § 2072 (1982). In the alternative, appellants requested certification of questions involving this claim for interlocutory review. By its order of January 13, 1984, the trial court denied appellants' motion for dismissal or summary judgment but certified as important and doubtful three questions involving respondent's Consumer Product Liability Act claim.

## ISSUES

### Certified Questions

1. Does Section 23 of the Consumer Products Safety Act, 15 U.S.C. § 2072, provide a private right of action for violation of the non-binding interpretive regulation issued by the Consumer Products Safety Commission at 15 [sic] CFR Part 1115?

2. Does the Section 23 claim asserted in plaintiff's second amended complaint arise out of the "same transaction or occurrence" that is the subject of plaintiff's original claims, within the meaning of Rule 15.03 of the Minnesota Rules of Civil Procedure, so that plaintiff's untimely filing of the CPSA claim is made timely by application of the Minnesota Relation-Back Doctrine?

3. Does subdivision 4 of the Minnesota Statutes § 573.02, as amended by Chapter 347 of Laws of Minnesota for 1983, have retroactive application to wrongful death lawsuits which do not result from an intentional act constituting murder, so that plaintiff should be permitted to seek punitive damages in this case arising out of an occurrence in 1979?

## ANALYSIS

█ 1. The Consumer Product Safety Act (Act) authorizes a private cause of action under specified circumstances.

Any person who shall sustain injury by reason of any knowing (including willful) violation of *a consumer product safety rule, or any other rule or order issued by the Commission* may sue any person who knowingly (including willfully) violated any such rule or order in any district court of the United States in the district in which the defendant resides or is found or has an agent * * *.

15 U.S.C.A. § 2072(a) (1982) (emphasis added).

Respondent's second amended complaint alleges violation of the Consumer Product Safety Act's substantial product hazard reporting requirements, 15 U.S.C.A. § 2064 (1982). The Commission did not promulgate a consumer product safety rule relative to these reporting requirements. The Commission did, however, promulgate reporting requirements regulations. *See* 16 C.F.R. §§ 1115.1–.22 (1984). At issue is whether these regulations constitute another rule or order issued by the Commission within the meaning of 15 U.S.C. § 2072.

Appellants maintain the regulations are merely interpretive and thus are not a rule as contemplated by Congress in section 2072. In support of their claim, appellants cite the stated purpose of the regulations.

> The purpose of this Part 1115 is to set forth the Consumer Product Safety Commission's (Commission's) interpretation of the reporting requirements imposed on manufacturers (including importers), distributors, and retailers by section 15(b) of the Consumer Product Safety Act, as amended (CPSA) (15 U.S.C. 2064(b)) and to indicate the actions and sanctions which the Commission may require or impose to protect the public from substantial product hazards, as that term is defined in section 15(a) of the CPSA.

16 C.F.R. § 1115.1 (1984).

In *Morris v. Coleco Industries,* 587 F.Supp. 8 (E.D.Va.1984), the court implicitly adopted appellants' position when it said: "the requirement to disclose is not a requirement based upon a rule or order of the Commission. It is a requirement predicated upon the statute itself." *Id.* at 9.

■ We disagree. Section 2072 creates a private cause of action for certain violations of "a consumer product safety rule, or any other rule * * * issued by the Commission." 15 U.S.C.A. § 2072. The wording of the statute is plain, simple and straightforward, and the words must therefore be accorded their normal meaning. *Young v. Robertshaw Controls Co.,* 560 F.Supp. 288, 292 (N.D.N.Y.1983); *United States v. Advance Machine Co.,* 547 F.Supp. 1085, 1089 (D.Minn.1982). Under the Administrative Procedure Act:

> "rule" means the whole or a part of an agency statement of general or particular applicability and future effect designed to implement, *interpret,* or prescribe law or policy or describing the organization, procedure, or practice requirements of an agency and includes the approval or prescription for the future of rates, wages, corporate or financial structures or reorganizations thereof, prices, facilities, appliances, services or allowances therefor or of valuations, costs, or accounting, or practices bearing on any of the foregoing * * *.

5 U.S.C.A. § 551(4) (1977) (emphasis added).

Even if appellants' characterization of the cited regulations is correct, actions alleging violations of the regulations are cognizable under the plain language of section 2072. *Payne v. A.O. Smith Corp.,* 578 F.Supp. 733, 738 (S.D.Ohio 1983); *see also Young v. Robertshaw Controls Co.,* 560 F.Supp. at 292 (contention that violation of disclosure rule does not entitle plaintiff to maintain private action flies in the face of unambiguous language of § 2072).

Within its realm of consumer products, the Commission has issued rules which, for purposes of this case, may broadly be classified into two major categories: 'consumer product safety rules' and administrative rules. The former is comprised of rules promulgated in order to halt or restrict the sale or manufacture

of consumer products deemed unreasonably dangerous to the public. * * *

The other major category of rules comprises regulations promulgated in order to facilitate the administration of the CPSC and its statutory duties. Of paramount importance to the efficient functioning of the CPSC is a subset of these administrative regulations comprising what might conveniently be referred to as disclosure rules. Thus Part 1115 of 16 C.F.R., headed 'Substantial Product Hazard Reports' is just such a disclosure provision, the purpose of which is to delineate the CPSC's 'interpretation of the reporting requirements imposed on manufacturers (including importers), distributors, and retailers by section 15(b) of ... [CPSA, 15 U.S.C. § 2064(b)] and to indicate the actions and sanctions which the Commission may require or impose to protect the public from substantial product hazards, as that term is defined in section 15(a) of the CPSA.' 16 C.F.R. § 1115.1 This rule thus implements the statutory directive of 15 U.S.C. § 2064(b) * * *.

*Butcher v. Robertshaw Controls Co.,* 550 F.Supp. 692, 695–96 (D.Md.1981).

2. Respondent's claim under the Consumer Product Safety Act was filed after the statute of limitation period. If the claim relates back, it is timely; if it does not relate back, it is barred.

Rule 15.03 of the Minnesota Rules of Civil Procedure states:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

*Id.*

In *Heyn v. Braun,* 239 Minn. 496, 59 N.W.2d 326 (1953), the plaintiffs commenced an action to foreclose a mechanic's lien for labor and material furnished in the installation of an air conditioning unit. At the opening of trial, the court permitted plaintiff to amend the complaint by adding a claim for the fair and reasonable value of the improvements. Defendant contended the amendment pleaded a new cause of action. The Minnesota Supreme Court disagreed, stating:

The federal courts in construing the identical rule (Federal Rule 15[c]) have held it applicable in situations involving prescription or statutes of limitation, if the amendment under consideration relates back to or expands or amplifies the cause set forth in the original complaint * * *.

*Id.* at 502, 59 N.W.2d at 330.

■ Respondent's original complaint does not claim a violation of the Consumer Product Safety Act or regulations. It does, however, claim negligent failure to provide reasonable warning of product defect and hazard and seeks punitive damages under state law. The negligent failure to provide claim is directly related to the alleged violation of the Act and corresponding regulation, namely the failure to report substantial product hazards. Thus, appellants had notice of the conduct asserted in the amendment. The amendment, therefore, relates back. *See Senger v. Soo Line Railroad Co.,* 493 F.Supp. 143, 145 (D.Minn.1980).

3. In 1983, the Minnesota Legislature amended the wrongful death statute, Minn. Stat. § 573.02 (1982), to permit punitive damage awards. In enacting this amendment, the Legislature provided:

Minnesota Statutes 1982, section 573.02, subdivision 4, is amended to read:

Subd. 4. This section shall not apply to any death or cause of action arising prior to its enactment, nor to any action or proceeding now pending in any court of the state of Minnesota, except, notwithstanding section 645.21, this section shall apply to any death or cause of action arising prior to its enactment which resulted from an intentional act constituting murder, and to any such action or proceeding now pending in any court of the state of Minnesota with re-

spect to issues on which a final judgment has not been entered.

1983 Minn. Laws ch. 347, § 3.

■ The meaning of the phrase "any such action or proceeding" is disputed. Respondents interpret the language to mean any wrongful death action. Appellants interpret the language in conjunction with the first clause of the sentence, limiting its application to deaths resulting from intentional acts constituting murder. We conclude that Minn.Stat. § 573.02, subd. 4 (Supp.1983) does not retroactively apply to lawsuits not resulting from an intentional act constituting murder.

■ Minnesota laws are presumed to have no retroactive effect unless "clearly and manifestly" intended by the legislature. Minn.Stat. § 645.21 (1982); *see Mason v. Farmers Ins. Co.,* 281 N.W.2d 344, 348 (Minn.1979). The first part of section 573.02, subd. 4 specifically excludes retroactive application of the statute. The ambiguous phrase in the latter part of subdivision 4 cannot reasonably be interpreted as "clearly and manifestly" negating this clear exclusion of retroactive application. Under respondent's interpretation, the exception swallows the rule. We do not believe this was the legislature's intent in adopting subdivision 4. *See* Minn.Stat. §§ 645.16, 645.17(1)–(2) (1982).

## DECISION

Certified Question No. 1: Does Section 23 of the Consumer Products Safety Act, 15 U.S.C. § 2072, provide a private right of action for violation of the non-binding interpretive regulation issued by the Consumer Products Safety Commission at 15[sic] CFR Part 1115?

Answer: Violation of the substantial hazard reporting regulations of the Consumer Product Safety Act, 16 C.F.R. §§ 1115.-1–.22 (1984) constitutes violation of a rule issued by the Consumer Product Safety Commission. Thus, an injured plaintiff or his representative is authorized to maintain a private cause of action for the violation under 15 U.S.C.A. § 2072(a) (1982).

Certified Question No. 2: Does the Section 23 claim asserted in plaintiff's second amended complaint arise out of the "same transaction or occurrence" that is the subject of plaintiff's original claims, within the meaning of Rule 15.03 of the Minnesota Rules of Civil Procedure, so that plaintiff's untimely filing of the CPSA claim is made timely by application of the Minnesota Relation-Back Doctrine?

Answer: The substantial hazard reporting regulation violation claimed in respondents' second amended complaint arose out of the same transaction or occurrence as the claims of the original complaint. Therefore, the amendment was timely under Minn.R.Civ.P. 15.03.

Certified Question No. 3: Does subdivision 4 of Minnesota Statutes § 573.02, as amended by Chapter 347 of Laws of Minnesota for 1983, have retroactive application to wrongful death lawsuits which do not result from an intentional act constituting murder, so that plaintiff should be permitted to seek punitive damages in this case arising out of an occurrence in 1979?

Answer: Minn.Stat. § 573.02, subd. 4 (Supp.1983) does not retroactively apply to this action.

Certified questions answered.