Vicki Lynn DRAKE and Mark Drake, husband and wife; Marcella Hills and Harvey Hills, husband and wife, Plaintiffs,

v.

LOCHINVAR WATER HEATER, INC., a Michigan corporation, formerly known as Wagoner Corporation; and Honeywell, Inc., a Delaware corporation, Defendants.

HONEYWELL, INC., Third-Party Plaintiff,

v.

WAGONER WATER HEATER CO., INC., Third-Party Defendant.

No. 3–83 Civ 663.

United States District Court, D. Minnesota, Third Division.

March 21, 1985. On Motion To Amend April 26, 1985.

Stanley E. Karon & Associates, P.A. by Stanley E. Karon, St. Paul, Minn., for plaintiffs.

Faegre & Benson by George W. Flynn, Scott P. Drawe and Scott Johnson, Minneapolis, Minn., for defendant and third-party plaintiff Honeywell, Inc.

## MEMORANDUM ORDER

ALSOP, Chief Judge.

This matter comes before the court upon defendant Honeywell, Inc.'s (Honeywell) motion to dismiss count 5 of the complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R. Civ.P. 12(b)(6). In count 5, plaintiffs allege that Honeywell failed to properly, timely and accurately advise the Consumer Product Safety Commission (Commission) that the Honeywell V5130 gas control valve was defective and unreasonably dangerous in violation of the Consumer Product Safety Act (CPSA) § 15(b), 15 U.S.C. § 2064(b).

Plaintiffs bring count 5 pursuant to § 23(a) of the CPSA, which authorizes a private cause of action under the following circumstances:

> Any person who shall sustain injury by reason of any knowing (including willful) violation of a consumer product safety rule, *or any other rule or order issued by the Commission* may sue any person who knowingly (including willfully) violated any such rule or order. . . .

15 U.S.C. § 2072(a) (emphasis added).

Title 15 U.S.C. § 2064(a), which Honeywell allegedly violated, provides that every manufacturer who obtains information that its consumer product "contains a defect which could create a substantial product hazard" must inform the Commission of that information. To interpret and implement this statutory provision, the Commission promulgated reporting requirement rules. *See* 16 C.F.R. §§ 115.01–.22 (1984). The issue before this court is whether a manufacturer's violation of the reporting requirement rules, 16 C.F.R. pt. 1115, creates a private cause of action under 15 U.S.C. § 2072(a).

Honeywell's first argument is that the CPSA does not create a private cause of action for alleged violations of the statute itself. Rather, the CPSA creates a private cause of action only for violations of rules or orders promulgated by the Commission pursuant to the statute. *See* 15 U.S.C. § 2072(a). Plaintiffs, however, in count 5 of the complaint, do not allege that Honeywell violated Commission rules or orders. Instead, plaintiffs allege a violation of the statute itself. Thus, argues Honeywell,

count 5 fails to state a claim upon which relief can be granted and should therefore be dismissed.

■ The court agrees with Honeywell that count 5 is technically deficient in stating a valid legal claim. Nevertheless, given that amendments to pleadings are to be granted liberally under Fed.R.Civ.P. 15(a), the court will permit plaintiffs to amend their complaint to specify the rule or order that Honeywell allegedly violated. Plaintiffs' amended complaint shall be filed within 30 days of the date of this order.

Honeywell's next, and more persuasive, argument is that the CPSA does not create a private cause of action for violations of the reporting requirement rules, 16 C.F.R. pt. 1115. Honeywell contends that § 2072(a) authorizes a private cause of action only for knowing violations of the two kinds of consumer product safety rules,[1] the seven other kinds of substantive rules the Commission is authorized by statute to promulgate,[2] and an order promulgated under 15 U.S.C. § 2064. Thus, Honeywell argues that "other rules" as used in § 2072 refers only to substantive rules which the Commission is specifically authorized to promulgate under the CPSA. The regulations promulgated in 16 C.F.R. pt. 1115, according to Honeywell, are merely interpretive rules, whose violation does not give rise to a private cause of action under § 2072(a). To support this analysis, Honeywell points to the regulations themselves, which state that the purpose of part 1115 is to set forth the Commission's *"interpretation* of the reporting requirements imposed on manufacturers, ... distributors, and retailers by Section 15(b) of the [CPSA, 15 U.S.C. § 2064(b)]." 16 C.F.R. § 1115.1 (emphasis added). Honeywell also directs the court to the preface of the current regulations, in which the Commission

acknowledges that it "considered the difference between promulgating the rule as substantive or interpretive ... and has decided to promulgate the rule as interpretive." Substantial Product Hazard Reports, 43 Fed.Reg. 34988, 34990 (Aug. 7, 1978).

As noted above, Honeywell's argument is both creative and persuasive, especially in light of basic principles of federal administrative law regarding the effect of substantive versus interpretive rules. Nevertheless, Honeywell is fighting an uphill battle, in that Honeywell's analysis fails to account for the plain meaning of the statutory language, the statute's legislative history, or rather, the lack thereof, and the overwhelming weight of contrary judicial authority.

■ In construing the meaning of § 2072(a), this court will "begin with the familiar canon of statutory construction that the starting point for interpreting a statute is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." *Consumer Product Safety Commission v. G.T.E. Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980) (construing the CPSA), *quoted in Young v. Robertshaw Controls Co.,* 560 F.Supp. 288, 292 (N.D.N.Y.1983) and *Butcher v. Robertshaw Controls Co.,* 550 F.Supp. 692, 698–99 (D.Md.1981). The language of § 2072(a) is plain and straightforward—a private cause of action is available to any person injured because of a knowing violation of a consumer product safety rule, "or any other rule or order issued by the Commission." Although the term "consumer product safety rule" is defined in the CPSA, *see* 15 U.S.C. § 2052(a)(2), the term "other rule" is not defined. Other courts have turned to

---

**1.** *See* 15 U.S.C. §§ 2056(b), 2057.

**2.** *See* 15 U.S.C. §§ 2058(g)(2) (rules prohibiting stockpiling), 2062(a) (rules regarding new consumer products) (repealed 1981), 2063(a)(2), (b), (c) (rules prescribing reasonable testing programs), 2065(b) (rules regarding record keeping), 2066(g) (rules related to imported consum-

er products), 2075(c) (rules exempting state and local governments from requirement that parallel nonfederal regulations mirror consumer product safety standards), 2076(e) (rules requiring manufacturers of consumer products to provide the Commission with performance and technical data).

the Administrative Procedure Act (APA) for a definition of "rule." *See Young v. Robertshaw Controls Co., supra,* 560 F.Supp. at 292–93 n. 8; *Swenson v. Emerson Electric Co.,* 356 N.W.2d 313, 317 (Minn.App.1984). Under the APA, "'rule' means the whole or a part of an agency statement of general or particular applicability and future effect designed to complement, *interpret,* or prescribe law or policy or describing the organization, procedure, or practice requirements of an agency...." 5 U.S.C. § 551(4) (emphasis added).

█ Honeywell contends the term "other rule" in § 2072(a) refers to substantive rules, which Honeywell defines as seven specific kinds of rules the Commission is authorized to promulgate under various sections of the CPSA. *See supra* note 2. This view is overly restrictive and "flies in the face" of the unambiguous language of the statute. *Young v. Robertshaw Controls Co., supra,* 560 F.Supp. at 292. Honeywell's list of seven substantive rules is contrived. The CPSA does not define substantive rules, nor does it differentiate between substantive and interpretive rules. Further, the CPSA does not prohibit the Commission from issuing other rules not described in the statute. Moreover, there is no indication whatsoever in the language of § 2072(a) to limit "other rules" to the species of rules defined by Honeywell. In addition, there is no statutory language revealing an intent to exclude interpretive rules from the scope of § 2072(a).

Honeywell is unable to find any support for its theory in the legislative history of the CPSA. An examination of that history reveals little; however, there is no indication of any congressional intent contrary to the plain language of the statute. *See* H.R.Conf.Rep. No. 1593, 92d Cong., 2d Sess., *reprinted in* 1972 U.S.Code Cong. & Ad.News 4573, 4596; S.Rep. No. 835, 92d Cong., 2d Sess., *reprinted in* 1972 U.S. Code Cong. & Ad.News 4573.

█ The CPSA is remedial legislation which must be liberally construed to effectuate its purpose. *United States v. One Hazardous Product Consisting of a Refuse Bin,* 487 F.Supp. 581, 588 (D.N.J. 1980); *United States v. Anaconda Co.,* 445 F.Supp. 486, 494 (D.D.C.1977). Honeywell's interpretation limits the remedial purposes of the CPSA.

A number of other courts have addressed this same issue. Three United States district courts and the Minnesota Court of Appeals have held that a violation of the reporting requirement rules promulgated at 16 C.F.R. pt. 1115 creates a private cause of action under § 2072(a). *Payne v. A. O. Smith Corp.,* 578 F.Supp. 733 (S.D. Ohio 1983); *Young v. Robertshaw Controls Co., supra,* 560 F.Supp. 288; *Butcher v. Robertshaw Controls Co., supra,* 550 F.Supp. 692; *Swenson v. Emerson Electric Co., supra,* 356 N.W.2d 313.[3] All of these cases dealt with water heater control devices—the same product involved in the instant action. Honeywell argues that these cases are "clearly wrong." The *Butcher* court, according to Honeywell, erroneously assumed that rules contained in part 1115 constituted substantive rules. More accurately, though, the *Butcher* court spoke only of rules generally without differentiating substantive from interpretive rules. The *Young* court, and later the *Payne* and *Swenson* courts, however, specifically held that § 2072(a) applies to violations of interpretive rules. *Payne v. A.O. Smith Corp., supra,* 578 F.Supp. at 738; *Young v. Robertshaw Controls Co., supra,* 560 F.Supp. at 292–93 n. 8; *Swenson v. Emerson Electric Co., supra,* 356 N.W.2d at 317. Honeywell argues that these decisions are incorrect insofar as they ignore the distinction in federal administrative law between substantive and interpretive rules. There is no indication that this argument was not presented to those courts. Furthermore, Honeywell's analysis ignores the plain meaning of the language of the stat-

---

**3.** In their brief, plaintiffs cite two Minnesota district court actions for the same proposition. *See Jendro v. Honeywell, Inc.,* No. 730315 (Hen-

nepin County District Court); *Martens v. A.O. Smith and White Rodgers Division of Emerson Electric* (Dakota County District Court).

ute which was relied upon in the other actions.

Defendants cite one contrary United States district court decision.[4] In *Morris v. Coleco Industries*, 587 F.Supp. 8 (E.D.Va. 1984), a swimming pool case, the court held that no private claim exists for a failure to disclose under § 2064. The *Morris* court explained that the disclosure requirement of § 2064 "is not a requirement based upon a rule or order of the Commission. It is a requirement predicated upon the statute itself." *Id.* at 9. It appears that the analysis of the *Morris* court turned on the fact that plaintiffs alleged a violation of the CPSA itself, rather than a rule. Thus, *Morris* is both distinguishable from the instant action and consistent with the other cases recognizing a private cause of action. Based upon the plain language of § 2072(a), the lack of any contrary legislative intent, and the prior judicial determinations of the issue in other jurisdictions, this court holds that Honeywell's alleged violation of the reporting requirement rules, 16 C.F.R. pt. 1115, creates a private cause of action under 15 U.S.C. § 2072(a).

Honeywell also contends that plaintiff's CPSA cause of action should be dismissed because of causation problems. The court agrees with Honeywell that plaintiffs will have a difficult time proving that any failure to report was the proximate cause of plaintiffs' injury. Nevertheless, the court views the causation question as one that must be resolved on a full record. Thus, the court will not dismiss the CPSA claim on this basis.

Honeywell finally contends that plaintiffs cannot claim punitive damages under the CPSA. Section 2072(a) expressly limits damages recoverable thereunder to "damages sustained." Honeywell maintains that the clear meaning of "damages sustained" is damages actually suffered, or in other words, compensatory damages. An examination of the legislative history of the CPSA reveals that Congress did not intend treble or punitive damages to be awarded under § 2072 as a matter of federal law. *See Butcher v. Robertshaw Controls Co.*, Civ. No. B–81–72, slip op. at 4–6 (D.Md. Nov. 3, 1982); *Wahba v. H & N Prescription Center, Inc.*, 539 F.Supp. 352, 355–56 (E.D.N.Y.1982).

Nevertheless, "the measure of recovery under the [CPSA] is a function of state rather than federal law." *Young v. Robertshaw Controls Co.*, supra, 560 F.Supp. at 294, quoting *Wahba v. H & N Prescription Center, Inc.*, supra, 539 F.Supp. at 354. The parties have not briefed this state law issue, including the related choice of law issue. Thus, the question of whether state law permits a claim of punitive damages under the CPSA is not properly before the court at this time. Accordingly, Honeywell's contention that plaintiffs fail to state a claim for punitive damages under the CPSA will be denied. Honeywell may, however, renew its motion to dismiss the CPSA punitive damages claim at a later date.

Based upon the foregoing,

IT IS ORDERED That Honeywell's motion to dismiss count 5 for failure to state a claim be and the same hereby is in all things denied.

IT IS FURTHER ORDERED That plaintiffs shall file an amended complaint within thirty (30) days of the date of this order which shall specify a CPSA rule or order that Honeywell allegedly violated.

### ON MOTION TO AMEND

This matter comes before the court upon defendant Honeywell, Inc.'s (Honeywell) motion to amend this court's interlocutory order dated March 21, 1985 to include the prescribed statement of 28 U.S.C. § 1292(b). The order Honeywell seeks to amend denied Honeywell's motion to dismiss Count V of plaintiffs' complaint for failure to state a claim. Plaintiffs oppose the motion to amend. The matter was submitted without oral hearing upon writ-

---

**4.** Honeywell also cites a Wisconsin circuit court action, *Hedrick v. F.R. Kirk Co.*, No. 581–363 (Milwaukee County Circuit Court), for the same proposition.

ten statements of counsel. Fed.R.Civ.P. 78.

Discretionary appeal from an interlocutory order of the district court is permitted if the district judge certifies in writing that he or she is "of the opinion" that the order (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); 16 C. Wright, A. Miller, E. Cooper & E. Gressman, *Federal Practice and Procedure* § 3930, at 155–56 (1977). An order may be amended to include the prescribed statement of § 1292(b) at any time. Fed.R. App.P. 5(a).

■ The court has reviewed its order dated March 21, 1985 and concludes that the criteria for § 1292(b) certification are met. In Count V of their complaint, plaintiffs allege that Honeywell violated the reporting requirements of the Consumer Product Safety Act (CPSA) § 15(b), 15 U.S.C. § 2064(b). This court's order, denying Honeywell's motion to dismiss Count V, involves a controlling question of law because, if erroneous, it would constitute reversible error on final appeal. Further, the issue is purely a question of law. As reflected in this court's order dated March 21, 1985, plaintiffs' claim under the CPSA presents a question of law which has not been addressed by the circuit courts and as to which there is substantial ground for difference of opinion. The various trial courts which have faced the same issue are divided. *See* Memorandum Order, Mar. 21, 1985, at 7–8. In addition, this court is of the opinion that an immediate appeal on this issue may materially advance the ultimate termination of the litigation. A trial on the merits of the CPSA claim would require separate proof and would raise many difficult evidentiary issues. Further, a contrary ruling on appeal after trial would create the potential need for a second trial. Thus, appellate review at this time would limit the issues that remain to be tried.

Accordingly,

IT IS ORDERED That defendant and third-party plaintiff Honeywell's motion to amend this court's order dated March 21, 1985 be and the same hereby is granted.

IT IS FURTHER ORDERED That this court's order dated March 21, 1985, denying Honeywell's motion to dismiss Count V of plaintiffs' complaint, be and the same hereby is amended to include the following:

The court is of the opinion that the denial of Honeywell's motion to dismiss plaintiffs' fifth claim for relief (CPSA) involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from this portion of the order may materially advance the ultimate termination of the litigation.